IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKWINDER SINGH,<br><br>     Petitioner,<br><br>    vs.<br><br>BEN CURRY, Warden, Correctional Training Facility, Soledad,<br><br>     Respondent. | No. 2:08-cv-00211-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 39 and 43] |

  At Docket No. 39 Lakwinder Singh, a state prisoner proceeding *pro se*, has filed a Motion for Relief From a Judgment under Federal Rule of Civil Procedure 60.  Singh requests that this Court reconsider its prior ruling and allow him an opportunity to file a request for a Certificate of Appealability ("COA").  At Docket No. 43 Singh filed a document entitled "Ex Parte Second Request for Report of Activities Filed and Ruled on in this Court and a Request From this Court Seeking an Explanation of the Attached Document Sent to Petitioner on 05/24/2011 at 3:15 PM PDT."

  This Court entered its Memorandum Decision and Judgment in this matter on January 14, 2010, and declined to issue a COA.[1]  Singh filed a Motion for Leave to File a late Application for Certificate of Appealability and a Motion for Certificate of Appealability.[2]  This Court denied both motions on the ground that the motions were untimely and that this Court lacked authority

---

[1] Docket Nos. 28, 29.

[2] Docket Nos. 30, 31.

to grant the relief requested.[3]  Singh then filed a Motion for Extension of Time to File Motion for Certificate of Appealability and a Motion for Certificate of Appealability in the Ninth Circuit.[4] On November 18, 2010, the Ninth Circuit denied Singh's request for a COA "due to the failure to file a timely notice of appeal."[5]

While Federal Rule of Civil Procedure 60 permits this Court to relieve Singh from the effect of a judgment entered by this Court, nothing in that rule, or any other rule, authorizes this Court to grant Singh relief from a judgment or order of the Court of Appeals.

Because the text only entry at Docket No. 42 sent to Singh did not identify the document that was being disregarded and that document was not filed by Singh, Singh's confusion concerning the entry is understandable.  The document referred to in the text only entry at Docket 42 was a request filed by a *pro se* party in an entirely different case that was mistakenly entered in this case by the Clerk's Office.  No document filed by Singh in this case has been disregarded.  Upon the entry of this Order, all pending matters before this Court and the Court of Appeals have been disposed of, and no further action is required by this Court in this case.

**IT IS THEREFORE ORDERED THAT** the Motion  for Relief From a Judgment under Federal Rule of Civil Procedure 60 at Docket 39 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Ex Parte Second Request for Report of Activities Filed and Ruled on in this Court and a Request From this Court Seeking an

---

[3] Docket No. 32.

[4] Docket Nos. 33, 35.

[5] Docket No. 36.

Explanation of the Attached Document Sent to Petitioner on 05/24/2011 at 3:15 PM PDT at Docket No. 43 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[6] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[7]

The Clerk of Court is directed to send a copy of the Docket to Singh.

Dated:  July 19, 2011.

　　　　　　　　　　　　　　　　　　　　　　　／s/ James K. Singleton, Jr.
　　　　　　　　　　　　　　　　　　　　　　JAMES K. SINGLETON, JR.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[6] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).

[7] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.